IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DELIA AKERS,

           Plaintiff,

v.                                      CIVIL ACTION NO. 2:04-0619

GO-MART,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment. For the reasons set forth herein the motion is **GRANTED**.

**I.    Factual Allegations and Procedural Background**

Plaintiff initiated this suit on June 18, 2004, alleging that Defendant Go-Mart violated Title III of the Americans with Disabilities Act (ADA). Plaintiff states that she is affected with Cerebral Palsy and is dependant on a wheelchair. As such Plaintiff maintains that she qualifies as a person with disabilities under the ADA. She asserts that Defendant owns, operates, or leases a place of public accommodation and thus has a responsibility to comply with the requirements of the ADA. Specifically, she alleges that the Defendant's place of business contains architectural barriers that "effectively denied or diminished" her ability to visit the business. Complaint at ¶ 13. Plaintiff alleges that the barriers involve parking and the path of travel at Defendant's business and that such barriers pose a risk of injury to Plaintiff. *Id.* Plaintiff's complaint goes on to allege nearly forty

violations of the Americans with Disability Act Accessibility Guidelines (ADAAG). *Id.* at ¶ 14. Defendant has filed a motion for summary judgment arguing that because the Go-Mart was constructed prior to the adoption of the ADA and has not undergone any renovations since that time, it is not required to comply with the standards under the ADA set forth by Plaintiff.

**II.** **Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

**III.     Statutory Framework**

Title III of the ADA generally prohibits discrimination against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A facility's obligation under the ADA is dependant upon whether the facility is determined to be: (1) pre-existing; (2) altered; or (3) new construction. *Speciner v. Nationsbank, N.A.*, 215 F.Supp.2d 622, 627 (D. Md. 2002). A pre-existing facility is defined as a facility that was constructed prior to January 26, 1993. 42 U.S.C. § 12183(a)(1). A pre-existing facility is simply required to remove architectural barriers "where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a). Where a facility can show that such removal is not readily achievable, the operator must use "alternative methods" to make its "goods, services, facilities, privileges, advantages, or accommodations" available to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); *see Speciner v. Nationsbank*, 215 F.Supp.2d at 627. When a pre-existing facility undergoes an alteration, it is required under the ADA "to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. § 12183(a)(2). Finally, a newly constructed facility is required under the ADA to be "readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12183(a)(1).

**IV.     Analysis**

Initially, neither party disputes that Plaintiff qualifies as a person with a disability under the ADA[1]. Also, it is not disputed that Defendant Go-Mart qualifies as a place of public accommodation. However, Defendant does maintain that because it was constructed prior to 1993 and has not been renovated since that date, it is only subject to the barrier removal requirements of the ADA. In support of its argument, Defendant has produced an affidavit of Scott Gallaher, Director of Security and Personnel for Go-Mart, attesting that the facility has not been remodeled nor altered since January, 1992. *See* Defendant's Motion for Summary Judgment, Exhibit A at ¶ 2-4.

Plaintiff has failed to respond to Defendant's motion for summary judgment. Thus, Plaintiff provides no evidence to challenge the assertions of Defendant Go-Mart. While the party moving for summary judgment bears the burden of showing there exists no genuine issue as to any material fact, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in [her] favor[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. Plaintiff has in contrast produced *no* evidence in support of her claims.

Therefore, based upon the *evidence* before the Court, summary judgment is appropriate. Defendant's facility is a pre-existing facility under the ADA and has made no qualifying alterations to its facility since 1993 and thus as a matter of law is not liable for the violations of the ADA as alleged by Plaintiff. Additionally, summary judgment is appropriate in this case because Plaintiff

---

[1] Defendant does assert that Plaintiff lacks standing to bring this suit. In support, Defendant provides a transcript of a deposition in another matter in which, after being asked if she currently had any lawsuits pending against Go-Mart, Cheveron, or Sunoco, Plaintiff stated that she "never goes anywhere like that." Because the Court finds the applicability of the ADA dispositive in this matter, it will not address Defendants arguments regarding standing.

has failed to make a sufficient showing to establish the essential elements of her claims. *Celotex Corp. V. Catrett*, 477 U.S. at 322-23 (1996).

**V.     Conclusion**

For the reasons stated, summary judgment is **GRANTED** in favor of Defendant Go-Mart. The Court **DIRECTS** the Clerk to remove this action from the docket of this Court and to send a copy of this Written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     September 14, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE